UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

July 15, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:  *April K. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1538-BAH

Dear Counsel:

On June 21, 2021, Plaintiff April K. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA's" or "Defendant's" or "Commissioner's") final decision to deny Plaintiff's claim for benefits. ECF 1. Before the Court are Plaintiff's motion for summary judgment and alternative motion for remand, ECF 14, and Defendant's motion for summary judgment, ECF 15. I have considered the record in this case and the parties' filings. ECF 11, 14, 15. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion for summary judgment and alternative motion for remand, GRANT Defendant's motion for summary judgment, and AFFIRM the Commissioner's decision. This letter explains why.

I.  **BACKGROUND**

Plaintiff filed a Title II application claim for a period of disability and disability insurance benefits ("DIB") on August 16, 2018, alleging a disability onset of April 1, 2017. Tr. 172–73. Plaintiff also filed a Title XVI application for supplemental security income ("SSI") benefits on September 30, 2019. Tr. 22. Plaintiff later amended the alleged date of onset to June 20, 2018. Tr. 22, 302. Plaintiff's claim was denied initially and on reconsideration. Tr. 116–19, 122–24. On July 22, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 40–77. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 18-39. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ employed the five-step sequential evaluation process to evaluate a claimant's disability determination. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 20, 2018, the amended alleged onset date. Tr. 24. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "osteoarthritis of the right knee, fibromyalgia, Hashimoto's disease, status post fusion, bilateral carpal tunnel syndrome (CTS), migraines, depression, bipolar disorder, attention deficit hyperactivity disorder (ADHD), and alcohol abuse." Tr. 25. The ALJ then found that

*April K. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-1538-BAH
July 15, 2022
Page 2

Plaintiff's alleged impairments do not "meet[ ] or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." *Id.* Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally balance, stoop, kneel, crouch, and climb ramps and stairs, but never climb ladders, ropes, or scaffolds, or crawl. She could frequently handle, bilaterally, and be around no more than moderate noise intensity level as defined by the [Dictionary of Occupational Titles ("DOT")]. She must avoid exposure to extreme temperatures and hazards, such as dangerous moving machinery and unprotected heights. She could understand, remember, and carry out simple instructions and make simple work-related decisions. She could work at a consistent pace, but not at a production pace, such as on an assembly line or work involving monthly or hourly quotas. She could tolerate occasional interaction with coworkers and supervisors, and the public. She could tolerate occasional changes in work setting.

Tr. 27. The ALJ concluded that Plaintiff could not perform "past relevant work" as a nurse and an "armed car messenger." Tr. 32. However, the ALJ concluded that Plaintiff would be able to perform the requirements of representative occupations that exist in sufficient numbers in the national economy, such as "marker (DOT 209.587-034)," "checker I (DOT 222.687-010)" and "photo machine operator (DOT 207.685-014)." Tr. 33. Accordingly, the ALJ determined that Plaintiff was not disabled from June 20, 2018, through August 24, 2020, the date of the ALJ's decision. *Id.*

## II.     LEGAL STANDARD

A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence. *Britt v. Saul*, 860 Fed. Appx. 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019)). "It consists of 'more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *Id.* (quoting *Craig*, 76 F.3d at 589).

## III.    ANALYSIS

Plaintiff raises two main arguments on appeal, specifically that the ALJ erroneously: 1) evaluated Plaintiff's subjective complaints related to fibromyalgia, and 2) assessed Plaintiff's RFC. Pl.'s Br. 3–18, ECF 14-1. As to the second argument, Plaintiff specifically alleges that the ALJ "failed to properly evaluate pertinent evidence" in determining Plaintiff's RFC by failing "to include a restriction to understanding, remembering, and carrying out simple one to two step instructions." *Id.* at 10. Plaintiff also avers that the ALJ "failed to set forth any explanation as to how she determined that an individual with moderate limitations in concentration, persistence, or pace would be capable of maintaining, concentration, attention, and pace for 90 percent of the workday." *Id.* at 12. Finally, Plaintiff finds error in the ALJ's purported failure to ensure that

*April K. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-1538-BAH
July 15, 2022
Page 3

Plaintiff's RFC included limitations that "adequately address the Plaintiff's migraine headaches." *Id.* at 14.

The Court first considers Plaintiff's claim that the ALJ applied an improper standard in evaluating Plaintiff's subjective complaints. Pl.'s Br. 3, ECF 14-1. Plaintiff relies largely on *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020) and argues that "[w]hile the [ALJ] determined that the Plaintiff's fibromyalgia was a severe impairment, and that the Plaintiff had demonstrated an impairment reasonably expected to produce the type and degree of her subjective complaints, [the ALJ] erroneously required the Plaintiff to prove the type and degree of her subjective complaints by objective medical evidence, and determined that she had not done so." *Id.* at 6. Defendant counters that the ALJ did not require objective evidence of fibromyalgia pain, and instead "considered Plaintiff's allegations of pain and fatigue, contrasting them with Plaintiff's response to medication and statements to her physicians that she did not have any pain." Def.'s Br. 8, ECF 15-1. Defendant avers that a "discussion of evidence relating to [Plaintiff's] physical capacity" is required by the "regulatory framework of 20 C.F.R. §§ 404.1529, 416.929" and this requirement was not overturned by *Arakas*.

"In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test." *Larry W. v. Kijikazi*, TJS-21-693, 2022 WL 986107, at * 3 (D. Md. Apr. 1, 2022) (citing *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. § 404.1529(a)). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. *Id.* (citing 20 C.F.R. §§ 404.1529(b)). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* (citing 20 C.F.R. § 404.1529(c)). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, an ALJ must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." *Id.* (quoting Social Security Ruling (SSR) 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016)).

"Since the 1980s," the Court of Appeals for the Fourth Circuit has "consistently held that 'while there must be objective medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity.'" *Arakas*, 983 F.3d at 95 (quoting *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989)). "Rather, a claimant is 'entitled to rely exclusively on subjective evidence to prove the second part of the test.'" *Id.* (quoting *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006)). In *Arakas*, the Fourth Circuit found that the ALJ had properly concluded that the claimant's "medically determinable impairments 'could reasonably be expected to cause some of the alleged symptoms,' thus satisfying the first step of the symptom-evaluation framework." 983 F.3d at 96. "But at the second step, the ALJ improperly discredited [the claimant's] statements about the severity, persistence, and limited effects on her symptoms because he did not find them to be 'completely consistent with the objective evidence.'" *Id.* (internal citations omitted). "Because [the claimant] was 'entitled to rely exclusively on

*April K. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-1538-BAH
July 15, 2022
Page 4

subjective evidence to prove' that her symptoms were 'so continuous and/or so severe that [they] prevent[ed] [her] from working a full eight hour day,' the ALJ 'applied an incorrect legal standard' in discrediting her complaints based on the lack of objective evidence corroborating them." *Id.* (internal citations omitted). The Fourth Circuit concluded that the ALJ "'improperly increased her burden of proof' by effectively requiring her subjective descriptions of her symptoms to be supported by objective medical evidence." *Id.* (quoting *Lewis*, 858 F.3d at 866).

Here, the ALJ properly determined that Plaintiff suffered from fibromyalgia. Tr. at 24–25. The ALJ went on to evaluate the symptoms of that condition (and others), and the extent to which the symptoms limited Plaintiff's capacity to work. Tr. 28–32. This process comported with the applicable regulatory framework detailed in 20 C.F.R. § 404.1529. It also conformed to the requirements delineated in *Arakas*, as the ALJ did not require Plaintiff to produce "objective evidence" to corroborate subjective complaints of pain. *Arakas*, 983 F. 3d. at 96. To the contrary, the ALJ expressly relied on Plaintiff's subjective reports and credited Plaintiff's own statements that Plaintiff's pain was reduced in response to treatment and medication. *See* Tr. 28 ("[Plaintiff] testified that she took medications and nasal spray for migraines and she had fibromyalgia pain as well, along with depression, but medications were helpful, she said."); Tr. 31 (noting in a 2020 visit that medication was "good at controlling her pain"). Moreover, the Court agrees with Defendant that to the extent the ALJ's opinion includes reference to a lack of "objective medical evidence" to support a claim of joint pain in May of 2018, this discussion focused on a rheumatologist's efforts to test for a variety of other ailments and was not intended to discredit findings related to fibromyalgia. Tr. at 28–29. Indeed, the ALJ correctly noted that testing by the rheumatologist revealed "features consistent with fibromyalgia." Tr. 29 (citing Tr. 489). In sum, the ALJ did not run afoul of *Arakas* and did not require Plaintiff to produce objective medical evidence to substantiate subjective complaints of fibromyalgia pain.

Plaintiff next challenges the ALJ's RFC findings. First, Plaintiff alleges that the ALJ failed to properly tailor the RFC to account for the findings of non-examining State consultant Dr. Jo McClain, Psy. D., who "opined that [Plaintiff] could carry out simple tasks, with 2-hour periods of concentration, with minimal social demands." Tr. 31 (citing Tr. 102). Plaintiff essentially argues that Dr. McClain's opinion establishes that Plaintiff can only perform work that requires, at most, a General Education Development (GED) Reasoning Level 1. Plaintiff alleges error because the ALJ's hypothetical to the vocational expert ("VE"), the RFC, and the three potential occupations found by the VE included limitations consistent with a GED Reasoning Level 2.

Plaintiff is correct that the three occupations listed by the ALJ mandate a GED Reasoning Level 2, which requires Plaintiff to have the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." Pl.'s Br. 12, ECF 14-1; *see* ECF 14-3 at 1 (marker); ECF 14-4 at 1 (checker 1); ECF 14-5 at 1 (photocopying-machine operator); *see also* ECF 14-6 (summarizing "Reasoning Development Levels"). Plaintiff is also correct that a "RFC that limited [Plaintiff] to performing simple one-to-two step tasks with low stress" would be inconsistent with a finding that Plaintiff can perform occupations that carry a GED Reasoning Code 2. *Henderson v. Colvin*, 643 F. App'x 273, 276 (4th Cir. 2016) (citing

*April K. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-1538-BAH
July 15, 2022
Page 5

*Rounds v. Comm'r*, 807 F.3d 996, 1003 (9th Cir. 2015)). However, Plaintiff's argument falters in asserting that Dr. McClain's findings only support a GED Reasoning Level 1.

At no point did Dr. McClain explicitly conclude that Plaintiff "was limited to the performance of simple one to two step tasks." Pl.'s Br. 11, ECF 14-1. Instead, Dr. McClain opined that Plaintiff has "sustained concentration and persistence capacities and/or limitations." Tr. 107. Dr. McClain further determined that "claimant is able to work in an environment with limited interaction with the public and coworkers." *Id.* Ultimately, Dr. McClain found that "[a]lthough [Plaintiff] may have difficulty sustaining performance of detailed tasks, given her overall mental state, objectively the evidence shows her to be capable of understanding, recalling, and carrying out simple, routine tasks with minimal social demands over a normal workday /workweek." *Id.* at 108.

These limitations were included in the ALJ's hypothetical question to the VE, who was asked, in relevant part, whether there was work in the national economy for an individual who "[c]an understand, remember, and carry out simple instructions and make simple work-related decisions, [c]an work at a consistent pace throughout the work day, but not a production rate pace, such as an assembly line or work, helping monthly or hourly quotas, [and c]an tolerate occasion or interaction [sic] with coworkers, supervisors, and the public and can tolerate occasional changes in the work setting[?]" Tr. 72–73. The ALJ is afforded "great latitude in posing hypothetical questions." *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999). The ALJ "need only pose those that are based on substantial evidence and accurately reflect a plaintiff's limitations." *Sara H. v. Comm'r, Soc. Sec. Admin.*, SAG-20-3358, 2021 WL 4426875, at *1 n.1 (D. Md. Sept. 27, 2021) (citing *Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988)). "Indeed, a hypothetical question is unimpeachable if it adequately reflects the RFC for which the ALJ had sufficient evidence." *Id.* (citing *Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005)). Here, the ALJ's hypothetical question properly encapsulated the limitations noted by Dr. McClain, and appropriately found no conflict between Level 2 reasoning and the ability to carry out "simple" instructions and make "simple work-related decisions." *Lawrence v. Saul*, 941 F.3d 140, 144 (4th Cir. 2019). Thus, there is substantial evidence to support the ALJ's finding that Plaintiff can perform several jobs requiring a GED Reasoning Level 2. Tr. 33.

Even if Dr. McClain's evaluation of Plaintiff was inconsistent with the hypothetical and the RFC finding, remand would not necessarily follow. "The RFC determination is an issue ultimately reserved for the ALJ." *Geraldine S. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-3447, 2019 WL 3935376, at *1 (D. Md. Aug. 20, 2019). An ALJ's RFC determination must be based "on all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3). However, the ALJ "need not parrot a single medical opinion, or even assign 'great weight' to any opinions, in determining an RFC assessment." *Jackson v. Comm'r, Soc. Sec.*, CCB-13-2086, 2014 WL 1669105, at *2 (D. Md. Apr. 24, 2014). Here, the ALJ properly weighed multiple opinions, as well as Plaintiff's own testimony, in determining Plaintiff's RFC. Tr. 30-32. The ALJ's findings in this regard are supported by substantial evidence.

Plaintiff's second argument related to the ALJ's RFC finding alleges that the ALJ "failed to explain how, despite Plaintiff's moderate difficulties in maintaining concentration, persistence,

*April K. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-1538-BAH
July 15, 2022
Page 6

or pace, she would be productive or remain on task for 90 percent of an eight-hour workday." Pl.'s Br. 14, ECF 14-1. Missing from Plaintiff's argument is the fact that the ALJ did account for Plaintiff's limitations in "maintaining concentration, persistence, and pace" by determining that Plaintiff can only work at a "consistent pace, but not at a production pace, *such as on an assembly line or work involving monthly or hourly quotas*." Tr. 27 (emphasis added).[1] These limitations were also included in the hypothetical question posed to the VE. Tr. 72–73. This limitation provides the bare minimum of detail needed for this Court to perform its substantial evidence review. *See, e.g.*, *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019), as amended (Feb. 22, 2019); *Jackie W. v. Comm'r, Soc. Sec. Admin.*, DLB-18-3883, 2019 WL 5960642, at *1 (D. Md. Nov. 13, 2019); *Shamael F. v. Comm'r, Soc. Sec. Admin.*, AAQ-21-238, 2022 WL 1782599, at *3 (D. Md. June 1, 2022) (remanding where "[t]he words 'no strict production quotas' [were] separated from the sentence 'The claimant cannot perform assembly line pace work' by a period – not a colon, semicolon, or dash"); *Jennifer Anne S. v. Saul*, TMD-20-519, 2021 WL 2139432, at *1, *5 (D. Md. May 26, 2021) (quoting *DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) (finding that the terms "fast pace or production quotas" were not sufficiently defined despite the ALJ precluding jobs that require "a fast pace or production quotas such as would customarily be found working on an assembly line" as a "proxy for including a moderate limitation on concentration, persistence, and pace"); *Darrel A. v. Saul*, CBD-19-2351, 2021 WL 927457, at *1,*7–9 (D. Md. Mar. 10, 2021) (finding the term "production quotas" to be insufficiently defined where the RFC stated, "no work involving production quotas or where the pace of productivity is dictated by an external source over which the individual has no control (e.g., assembly lines or conveyor belts)").

Since the RFC and hypothetical posed to the VE both include a limitation intended to address "concentration, persistence, and pace," Plaintiff is left to argue that this limitation was inadequate for someone, like Plaintiff, who was found to have a "moderate" impairment in these areas at the second step of the sequential process. Pl. Br. 12–13, ECF 14-1. Plaintiff's argument relies on the premise that a moderate limitation in concentration, persistence, and pace automatically equates to, at minimum, a 10% reduction in being on task. The cases cited by Plaintiff do not say as much. Instead, these cases address situations where an ALJ found that a claimant would be off task for a specific percentage of time and failed to explain how a limitation would address that specific time off-task. *See Free v. Colvin*, TMD 15-1359, 2016 WL 5661651, at *6 (D. Md. Sept. 30, 2016) (collecting cases). Such is not the case here.

As Plaintiff notes, the VE testified that if Plaintiff was off task for more than 10% of the workday, work would be precluded. Tr. 74. However, the ALJ did not make a finding that Plaintiff would be off task for a particular period of time and was not required to do so. *Kane v. Comm'r, Soc. Sec. Admin.*, SAG-17-1252, 2018 WL 2739961, at *2 n.2 (D. Md. May 14, 2018) ("[A]n ALJ is not required to determine a percentage of time off-task, and can simply consider whether a

---

[1] The ALJ also added a limitation for the "occasional interaction with coworkers and supervisors, and the public." Tr. 27. However, this limitation "deals largely with workplace adaptation, rather than concentration, pace, or persistence." *Varga v. Colvin*, 794 F.3d 809, 815 (7th Cir. 2015).

*April K. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-1538-BAH
July 15, 2022
Page 7

claimant has the ability to sustain work over an eight-hour workday."). In fact, the ALJ considered a medical opinion that Plaintiff would be off task "20% of the time" and did not find its conclusion persuasive.[2] Tr. 31. Plaintiff raised no challenge to this portion of the ALJ's conclusion. While I may not have reached the same decision, the record contains substantial evidence supporting the ALJ's finding that Plaintiff could work a full day with the limitations noted above. Tr. 31–32.

Plaintiff's final argument is that "[a]lthough the Plaintiff continues to experience migraine headaches daily, [the ALJ] failed to address the pertinent issue with respect to this impairment: the frequency and duration of the Plaintiff's migraine headaches." Pl. Br. 15, ECF 14-1. Defendant counters that "the ALJ properly considered Plaintiff's reports and testimony regarding her migraines and her positive response to medication, as well as an opinion indicating time off task and absences, and reasonably concluded that Plaintiff's severe impairment of migraines could be accommodated by the limitations in the RFC finding, citing to "specific subjective and objective evidence in the record to support this finding." Def. Br. 22, ECF 15-1. Defendant has the stronger argument.

The ALJ determined that Plaintiff's migraine headaches constituted a "severe impairment." Tr. 25. However, based on a comprehensive review of the evidence, the ALJ also found that the pain and intensity of the migraines decreased due, in part, to two medications taken to address the condition, which Plaintiff indicated were "helpful." Tr. 28 (reflecting that at Plaintiff's July 22, 2020, hearing, "[Plaintiff] testified that [Plaintiff] took medications and nasal spray for migraines and [Plaintiff] had fibromyalgia pain as well, along with depression, but medications were helpful, [Plaintiff] said"). The record also contained additional evidence reflecting that Plaintiff's migraines were controlled by medication. Tr. 557 (memorializing a January 30, 2019, doctor's visit, noting migraines that "went away" with medication); Tr. 926 (memorializing a May 19, 2020, doctor's visit where the doctor noted that Plaintiff's "migraine headaches are relatively under control with Topamax and amitriptyline"); Tr. 932 (reflecting in provider notes dated February, 18, 2020, that Plaintiff "was started on Topamax which is really effective in reducing number of headaches").

"It goes without saying that '[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling.'" *Barbare v. Saul*, 816 F. App'x 828, 834 (4th Cir. 2020) (citing *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986)). Ultimately, the ALJ concluded that Plaintiff's medications sufficiently mitigated the symptoms of Plaintiff's migraine headaches. Tr. 28. The ALJ's decision is sufficiently supported by the record, most notably by Plaintiff's own testimony. Additionally, the ALJ adopted a limitation in the RFC that was explicitly tailored to address Plaintiff's migraines, specifically determining that Plaintiff "is limited to light work, occasional climbing and postural movement, except no climbing ladders, ropes, or scaffolds, and no crawling, no hazards or extreme temperatures, or more than moderate noise, and frequent handle, due to pain and *migraines* . . . ." Tr. 32 (emphasis added). This decision is supported by

---

[2] As noted by Defendant, the ALJ references this provider as Junyong Jai, M.D. Tr. 31. However, the record reflects that the Mental Residual Function Capacity Questionnaire referenced was actually completed by Jenna Santucci, LCSW. Tr. 571.

*April K. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-1538-BAH
July 15, 2022
Page 8

substantial evidence and remand is not required.

### IV.     CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 14, is **DENIED**, and Defendant's motion for summary judgment, ECF 15, is **GRANTED**. Plaintiff's alternative motion for remand, ECF 14, is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is **AFFIRMED**.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge